UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-81218-CIV-RYSKAMP/VITUNAC

LOWELL D. KENNEDY, M.D.,

    Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, a
Tennessee Corporation,

    Defendant.
_____/

**ORDER GRANTING MOTION IN LIMINE**

    THIS CAUSE comes before the Court pursuant to Defendant's Motion in Limine, filed October 15, 2008 **[DE 18]**.  Plaintiff responded on October 31, 2008 **[DE 40]**.  Plaintiff replied on November 14, 2008 **[DE 49]**.  This motion is ripe for adjudication.

    Defendant issued Plaintiff a disability insurance policy that incepted on July 24, 1991.  In the event Plaintiff became totally disabled, the policy provided Plaintiff a disability payment of $11,000 per month, plus other benefits, for life, should the disability occur prior to Plaintiff reaching the age of 60.  Plaintiff alleges that he became totally disabled on October 17, 2003.  Plaintiff alleges that Defendant has failed to pay him certain benefits due under the policy.

    Plaintiff has filed a two-count Complaint, alleging, first, recovery of unpaid past and future benefits, and, second, specific performance for payment of all future benefits.  Plaintiff has

not asserted claims for bad faith or emotional distress.  Defendant has asserted three affirmative defenses: failure to provide proof of loss, failure to cooperate during the claims evaluation process and failure to receive appropriate care for the alleged disabling condition.

The only damages to which Plaintiff would be entitled if he prevailed in this first party breach of contract are the benefits that accrued through the date he brought suit.  See Agreed Order on Motion to Dismiss Count II, Motion to Strike Claim for Future Benefits and Motion to Strike Claim for Attorneys Fees entered by this Court on January 29, 2008 (DE 8).

The Court heard oral argument on Plaintiff's Motion for Summary Judgment on December 19, 2008.  The Court found that the record is replete with disputed issues of material fact such that summary judgment on Plaintiff's claims was inappropriate.  The Court declined to rule on whether Defendant's affirmative defenses are dispositive of this matter, preferring instead to address the affirmative defenses at trial.

Defendant anticipates that Plaintiff will attempt to interject improper and prejudicial allegations pertaining to claims of bad faith, evidence of Defendant's claims handling and business practices, emotional distress, consequential damages, and Plaintiff's mental condition after he filed suit.  Defendant maintains that any introduction of these allegations would be irrelevant to the inquiry of whether Plaintiff satisfies the definition of "Total Disability" under the Policy and would create confusion and bias in the minds of the jurors.

Pursuant to Rule 401 Fed. R. Evid., relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Rule 402 further provides that while relevant evidence is admissible unless otherwise excluded, evidence that is not relevant is

inadmissible.  Rule 403 provides for the exclusion of relevant evidence on grounds of prejudice, confusion or waste of time:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

Defendant requests that the Court not allow evidence regarding bad faith or improper claims handling/business practices, emotional distress, consequential damages and Plaintiff's post-suit mental condition.

### 1.    Bad Faith/Claims Handling and Business Practices

Defendant maintains that its claim handling practices and general business practices, and whether or not it followed those claims handling and general business practices are irrelevant to the issue of whether or not Plaintiff is eligible for benefits under the Policy.  Assuming Plaintiff can establish that Defendant handled his claim improperly, any improper handling is not relevant to whether Plaintiff is "Totally Disabled" under the policy.  Defendant's compliance with its own guidelines is factually and legally irrelevant.

Under both Florida and Kentucky law, documents and testimony regarding the insurer's claims handling or general business practices are irrelevant to the issue of whether the insured is entitled to the coverage claimed and may only be relevant to a claim of bad faith.  See State Farm Fire & Casualty Co. v. Valido, 662 So. 2d 1012, 1013 (Fla. 3d DCA 1995) (insured's claim files, manuals, guidelines and documents concerning its claims handling procedures were irrelevant to first party dispute); Old Republic National Title Insurance Company v. Homeamerican Credit,

4

Inc., 844 So.2d 818, 819 (Fla. 5th DCA 2003) (insured not entitled to discovery of documents relating to insurer's litigation files the insurer's business policies or practices regarding the handling of claims until the insurer's obligation to provide coverage has been established); Grange Mutual Ins. Co. v. Trude, 151 S.W.3d 803, 813 (Ky. 2004) (claims handling evidence relevant to bad faith claim).

Moreover, Provident would be prejudiced by having to defend its claim practices, procedures and general business practices when the sole issue is whether Plaintiff can meet his burden of proof of establishing that he is totally disabled under the Policy. See General Star Indem. Co. v. Anheuser-Busch Co. Inc., 741 So.2d 1259, 1261 (Fla. 5th DCA 1999) (General Star would be irreparably harmed by having to litigate the bad faith claim with the coverage claim because the evidence used to prove the bad faith claim would prejudice the jury's views on the coverage issue); Vanguard Fire and Casualty v. Golmon, 955 So.2d 591, 594 (Fla. 1st DCA 2006) (insurer will suffer irreparable harm if forced to defend itself against both the breach of contract and bad faith claims simultaneously).

Plaintiff maintains that Defendant's affirmative defense of Plaintiff's alleged non-cooperation with the claims handling process "made relevant all dealings between the parties." Plaintiff cites no law for this proposition, however, and does not rebut Defendant's argument that its claims handling procedures are irrelevant to whether Plaintiff was "Totally Disabled" under the policy.

Plaintiff may not introduce evidence pertaining to the Regulatory Settlement Agreement, a settlement agreement entered into among Defendant, its parent and sister companies and 49 states addressing Defendant's claims practices; negative publicity concerning Defendant in the

media; whether or not Defendant complied with its own procedures; the training and experience of Defendant's claims examiners; and why Defendant undertook or did not undertake certain actions during the course of evaluating Plaintiff's claim.

### 2. Emotional Distress

Plaintiff acknowledges that he is not entitled to emotional distress damages. Whether Plaintiff suffered emotional distress during the claims handling process is irrelevant to whether he was "Totally Disabled" under the policy. Whereas Plaintiff is not entitled to damages for emotional distress, evidence purporting to demonstrate emotional distress is irrelevant and prejudicial pursuant to Rule 403. Plaintiff may not testify as to the emotional distress caused him and his family during the months when Defendant did not pay his claim. Correspondence from Plaintiff to Defendant expressing hardship caused to Plaintiff while he was not being paid benefits are also inadmissible.

### 3. Consequential Damages

Plaintiff also admits that he is not entitled to consequential damages. Whether Plaintiff suffered financial distress during the claims handling process is irrelevant to whether he was "Totally Disabled" under the policy. Accordingly, evidence purporting to demonstrate financial distress is irrelevant and prejudicial pursuant to Rule 403. For example, Plaintiff should not permitted to testify that he allegedly liquidated his retirement account or that he was unable to pay for psychological treatment because Provident had not paid him benefits for certain months.

6

### 4. Plaintiff's Post-Suit Mental Condition

As noted, the only damages to which Plaintiff would be entitled if he prevailed in this first party breach of contract are the benefits that accrued through the date suit was brought. Because Plaintiff's claim for benefits is limited through the date he filed suit, evidence as to his mental condition after that date is not admissible. It is hereby

ORDERED AND ADJUDGED that Defendant's Motion in Limine, filed October 15, 2008 **[DE 18]**, is GRANTED as explained herein.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 18th day of September, 2009.

<u>S/Kenneth L. Ryskamp</u>
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE